IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Norfolk Division)

| | |
|---|---|
| EARL RAYMOND ELDER | * |
| *Plaintiff,* | * |
| v. | * |
| MERCEDES-BENZ USA, LLC | * |
| *Defendant.* | * |
| Please Serve: <br> C T Corporation System <br> 4701 Cox Rd Ste 285, Glen Allen, VA <br> 23060-6808, USA | * |

## COMPLAINT

Now into Court, through undersigned counsel, comes Plaintiff Earl Raymond Elder and moves the Court for judgment against Defendant Mercedes-Benz USA, LLC. based on the following facts and law:

## JURISDICTION

1. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, as the Plaintiff is a citizen of Birdsnest, Virginia, and the Defendant, Mercedes-Benz USA, LLC., is a corporation organized under the laws of Delaware with a principal place of business located in Sandy Springs, Georgia. The amount in controversy exceeds $75,000.00.

2. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S.C. §1331. Plaintiff Earl Elder, asserts a claim pursuant to the Magnuson-Moss

Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code §1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claims occurred. Venue in the Norfolk Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On July 30, 2022, Plaintiff Earl Elder purchased a 2022 Mercedes-Benz C300W4 with 10 miles on the odometer from Pohanka Automotive Group of Salisbury located in Salisbury, Maryland an authorized sales, warranty service and repair agent of the Defendant Mercedes-Benz. The total delivered price of the vehicle was $54,991.92.

5. On October 6, 2022, Plaintiff returned to Mercedes Benz of Salisbury, an authorized warranty repair and service agent for Mercedes Benz, due to a safety defect in the driver's seat. It failed to lock into place. This defect left the driver unable to operate and control the subject vehicle in a safe manner. The repair attempt was ineffective.

6. On November 18, 2022, the Plaintiff took the subject vehicle to Mercedes Benz of Virginia Beach to report a defect with the hazard lights in the side mirrors powering on by themselves with no cause. The Plaintiff also complained of the ongoing seat defect. The Plaintiff also reported a defect in the trunk. It failed to open when using the trunk-foot feature. The subject vehicle was out of service for attempted repairs until December 5, 2022, for a total of 17 days.

7. On January 24, 2023, the Plaintiff took the subject vehicle to Mercedes Benz of Salisbury seeking repairs for the unstable seat defect and for inoperative infotainment system. The touch screen would not respond to touch and the display was not operating in the way it was designed. There were false alerts indicating that the vehicle had been in a crash. The Plaintiff was able to retrieve his vehicle on March 30, 2023, for a total of 65 days out of service.

8. On May 22, 2023, the Plaintiff returned to Mercedes Benz of Virginia Beach again seeking repairs for defects in the seat and the touch screen console which was distorted and freezing up. The check engine light was illuminated as well. The subject vehicle was ready for pick up on May 24, 2023, after being out of service for 2 days.

9. On July 18, 2023, the Plaintiff returned to Mercedes Benz of Virginia Beach for attempted repairs for defects with the center console touch screen, and the Blind Spot Intervention function was not working. The Plaintiff was able to retrieve the vehicle on July 25, 2023, after 7 days out of service.

10. The Plaintiff's vehicle has been out of service for a total of 92 days as of the filing of the lawsuit.

## COUNT ONE
## VIOLATION OF THE MAGNUSSON-MOSS ACT (15 U.S. CODE §2301)

11. The Plaintiff is a consumer as defined in U.S. Code §2301(3). The Defendant is a supplier and warrantor as defined in 15 U.S. Code §2301(1).

12. The vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a

part of the purchase as those warranties meet the definition of a written warranty and implied warranty as contained in 15 U.S. Code §2301 - (7) respectively.

13. The warranty has failed its essential purpose and the Defendant has violated the Act due its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code §2304(a)(1) and (4).

14. The Defendant has also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformities that exists, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle was sold and is being used, 28 U.S. Code §2308, 2310(d).

WHEREFORE, Plaintiff Earl Elder, moves this Honorable Court to enter judgment in his favor against Defendant Mercedes-Benz USA, LLC., in the amount of $54,991.92 as well as all incidental costs, compensation in the amount of $25,000.00 for inconvenience and loss of use, interest payments, or a comparable replacement vehicle acceptable to the Plaintiff, whichever he may choose, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first attempt, post-judgment interest, court costs, and all other damages equity and/or law may seem meet.

## COUNT TWO
## MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
## VIRGINIA CODE §59.1-207.9 ET SEQ. "*LEMON LAW*"

15. The allegations of paragraphs 1-8 are re-pled and incorporated herein by reference.

16. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act. (Hereinafter referred to as the "*Virginia Lemon Law*") Virginia Code §59.1-207.11. et seq. The Defendant is a manufacturer as defined under the Act and has received due notice under the same statute.

17. The Virginia Lemon Law requires a manufacturer to "*make such repairs as are necessary to conform the vehicle to such warranty*" that are provided to the consumer.

18. Defendant Mercedes-Benz USA, LLC. has been unable to repair the Plaintiffs vehicle after a reasonable number of attempts. The vehicle has been out of service for a total of 92 days as of the filing of this lawsuit. Specifically, Virginia Code §59.1-207.13(B)(3) provides that "*it shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to their consumer… The motor vehicle is out of service due to repair for a cumulative total of thirty calendar days.*" It is therefore presumed that the Plaintiff's vehicle has been subject to repair a reasonable number of attempts and the vehicle is significantly impaired in its use, market value and safety.

19. VA. Code § 59.1-707(B)(2) provides that a serious safety defect that has been the subject of repair one time and continues to exist is presumed to impair the use, safety and market value of the vehicle. The Plaintiff's defective seat is a serious safety defect

that was the subject of repair multiple times and still exists, creating the statutory presumption the vehicle is impaired in its use, value, and/or safety and has been the subject of a reasonable number of repair attempts.

20. Plaintiff seeks to recover as damages the purchase price of his vehicle in the amount of $54,991.92 as well as all finance charges, all incidental costs, compensation in the amount of $25,000.00 for inconvenience and loss of use, or a comparable replacement vehicle to the Plaintiff, whichever she may choose, reasonable attorney fees in the amount of $600.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, and court costs. See, Virginia Code §59.1-207.14.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted.

Earl Raymond Elder

/s/ James B. Feinman

James B. Feinman, Esq. (VSB No. 28125)
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
jb@feinman.com